■ SYLVIA N. RACHLIN et al., Respondents, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— In an action to recover the proceeds of three life insurance policies, defendant appeals from (1) a judgment of the Supreme Court, Queens County, entered August 9, 1972, in favor of plaintiffs, after a nonjury trial, and (2) an order of the same court, dated November 20, 1972, which denied defendant's posttrial motion (a) to set aside the trial court's

decision and the judgment and (b) to grant judgment in favor of defendant or to grant a new trial. Order and judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered on this appeal. This action concerns the $11,822.60 proceeds of three insurance policies on the life of Joseph Travers, who died in 1943. The policies provided that, on the death of Joseph Travers, interest income on the proceeds would be paid to his widow, Kathryn Travers, and upon her death the principal would be paid to his son, Paul M. Travers. In the event that the latter predeceased his mother Kathryn Travers, the principal was to be paid to plaintiffs, the nieces and nephews of Joseph Travers. Paul M. Travers died in 1944. When Kathryn Travers died in 1969, plaintiffs sought to collect the principal, but were informed that the principal, $11,822.60, had been paid to Kathryn Travers in 1956, in accordance with a settlement provision in the policies which empowered her to receive the principal upon demand. Plaintiffs, however, dispute this and have brought this suit, contending that they and not Kathryn Travers were entitled to receive the principal. The case is complicated by the fact that the defendant insurer destroyed the insurance policies in accordance with its internal procedures; which called for their destruction 10 years after the death of the insured. Plaintiffs' proof consists of testimony concerning their recollection of the provisions of the insurance policies which the decedent had showed them in 1942, when the latter realized that death was imminent, and a letter written by the insurer in 1954 in response to their inquiry. Their recollection is to the effect that the policies provided that they receive the principal upon the death of the decedent's widow. With respect to the letter, defendant notes that it stated only that " the balance " would be turned over to plaintiffs at Kathryn Travers' death, and that this statement does not purport to state one way or the other whether or not the insured's widow had a right to withdraw principal. In refutation of the testimony on behalf of plaintiffs, as to the actual provisions in the insurance policies, defendant sought to introduce Certificate No. 93 644, a document that was purportedly prepared in conformity with the policies and the applicable settlement agreement therein. The trial court, however, refused to receive this document in evidence on the ground that no proper foundation had been made for its admission, although defendant made a compelling showing that it had been prepared by defendant in the ordinary course of business. In our opinion, the trial court erred in refusing to admit this document into evidence. It was admissible under CPLR 4518 (subd. [a]) — the business records rule. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.